Bowne and Balding agt. Anthony and others.

SUPREME COURT.

JAMES BOWNE and ISAAC J. BALDING agt. WILLIAM ANTHONY and others.

The plaintiffs brought their action against the five defendants to foreclose a mortgage for $673.12: there were no infant or absent defendants, and no answer or appearance from any person. The amount of *costs* upon the entry of judgment was $114.43, besides sheriff's fees.

*Thirty dollars* of this amount was made up of *motion costs*, under § 315 of the Code, as follows: $10 on motion for the order of *reference* to compute the amount due; $10 on motion for *judgment*; and $10 on motion to *confirm report of sale;* which amount ($30) was directed by the several orders to be inserted in the judgment.

It was considered that this progress in the way of costs, under § 315, was a little too rapid for a strict compliance with the provisions of the Code, notwithstanding it says, "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order." (§ 400.)

And, "An application for an order is a motion." (§ 401.)

The $30 was stricken out of the bill of costs, with $10 for the motion to strike out.

*Dutchess Special Term, Dec., 1856.*

THIS is a motion to strike from the bill of costs, as settled by the clerk of Dutchess, and inserted in the judgment three several items of $10 each, upon the ground that they are not authorized by law.

THOMAS GEORGE, *for defendant Anthony.*

JACKSON & WILKINSON, *for plaintiffs.*

BROWN, Justice. The action was prosecuted to foreclose a mortgage executed by the defendant William Anthony, upon lands in Fishkill, upon which there was due and unpaid at the time of the entry of the judgment, the sum of $673.12. There were no infant or absent defendants, and no answer or appearance by any person in the progress of the cause.

When the plaintiffs' attorneys took the usual order for a reference to compute the amount due. they inserted in the order a

direction that they be allowed $10 for the costs of the motion; and in the judgment they also inserted a direction, that they recover $10, the costs of the motion for judgment, and the further sum of $10 for the costs of the motion to confirm the sheriff's report of sale : making in all the sum of $30, which was directed, by the several orders, to be inserted in the judgment. They also applied to the judge, and obtained an allowance of $50, in addition to the taxable costs; so that when the bill came to be taxed it amounted to the sum of $114.43, exclusive of what might be the sheriff's fees upon the sale; of which $92 were for attorney's fees alone.

Simplicity and economy, and a large diminution of the labor and expense of legal proceedings, were amongst the objects sought for, and certainly promised by the framers of the Code. Here, however, we have $114 charged and allowed for obtaining judgment of foreclosure upon a mortgage, to secure no great sum of money, and in a proceeding where there were but five defendants, and no attempt at defence or delay of any kind. These charges, if authorized by law, are nearly, if not quite double what they would have been under the old chancery system.

When a plaintiff is entitled to costs, which are to be inserted in the entry of the judgment, sections 307 and 308, of the Code, provide what they are to be. In an action where judgment can be obtained upon failure to answer, without application to the court, the plaintiff shall recover for all proceedings before notice of trial, including the judgment when entered, the sum of $7. And in an action where judgment can only be taken upon failure to answer, on application to the court, for all proceedings before notice of trial, including the judgment when entered, $12, and for all subsequent proceedings before trial, $7.

In the present action there was no answer, could be no trial, and of course there could be no subsequent proceedings before trial to entitle the plaintiffs to the last named item of $7. They could only take their judgment upon application to the court, and so were entitled to charge $12. By a subsequent section, disbursements actually and necessarily paid, or incurred, are

also allowed to them. It must be observed, however, that by the express language of § 307, the item of $12 is the compensation "for all proceedings, including the entry of the judgment." Nothing else is given, except the disbursements, and the additional allowance provided in § 308. This consists of a sum not exceeding ten per cent. on the recovery or claim not exceeding $500, and not more than five per cent. for any additional amount, in actions to foreclose mortgages, and others which I need not enumerate.

Section 311 declares that "the clerk shall insert, in the entry of the judgment, on the application of the prevailing party, upon two days' notice to the other, the sum of the charges as above provided—that is, as provided in §§ 307, 308—and the necessary disbursements," &c. So that the $12 mentioned in § 307, and the $50 allowed by the judge under § 308, and the disbursements, made up the only items which the clerk was authorized to insert in the judgment.

The authority for the objectionable charges is said to be found in § 315, which declares that "costs may be allowed on a motion, in the discretion of the court, not exceeding ten dollars." "Every direction of the court or judge, made or entered in writing, and not included in a judgment, is denominated an order, and an application for an order is a motion." (§§ 400, 401.)

The application is not a motion within this definition, because the direction of the court *is* included in the judgment; and in respect to that part of the judgment which directs the recovery of ten dollars for the costs of the motion to confirm the report of sale, if the court had power to grant costs upon such an application, it is manifest they could not be granted in anticipation of a motion which might not be made. To grant a party ten dollars for the costs of a motion which has not been, and may never be made, is a proceeding without any precedent in the practice of the courts.

" The order for a reference," say the plaintiffs' attorneys, " can only be· obtained upon motion, and therefore the costs are in the discretion of the court, and authorized by § 315."

It is the duty of the court to construe the various sections to which I have referred so that all may stand and have effect, and that no one of them shall repeal or destroy the other. To construe § 315 into an authority to allow $10 costs of a motion upon every application to the court, would, in effect, be to repeal § 307, which limits the costs to $12 : and essentially to change § 311, which provides what costs shall be entered in the judgment.

Nothing can be more evident than the design of those who framed the Code, to put any absolute limit upon the amount of the costs in cases where there is no appearance or defence. But if the plaintiffs' construction should prevail, and the costs of a motion be granted whenever an order is obtained, the extent and amount of the costs to which a defendant may be subjected are limited only by the number of applications which an unscrupulous practitioner may choose to make, and the discretion of the judge to whom he applies.

No inconsiderable portion of the business of the court consists in hearing and determining motions, which often involve questions and interests of magnitude. This class of business requires no inconsiderable. labor in the preparation of papers and briefs. Costs have, from time immemorial, been allowed to the successful party ; and it was to perpetuate this just and reasonable practice that § 315 was inserted in the Code. Without this section there could be no costs upon a motion. The application for a reference, for judgment, and for a confirmation of the report of sale, in cases where there is no appearance, are all applications, of course, requiring no labor, no preparation, and to which there can be no opposition.

If the costs given by § 315 are confined to such motions as are litigated, or which require the preparation and service of papers, and notice upon the adverse party, the several sections of the Code to which I have alluded will be in harmony with each other, effect will be given to the intentions of those who framed the Code, and it will be spared the reproach of awarding an extravagant remuneration for small and insignificant services.

The sum of $30 must be stricken from the bill, and deducted from the judgment, and the plaintiffs must pay to the defendant William Anthony ten dollars, the costs of this motion.